### ATKINSON C. VARNUM *vs.* SAMUEL MESERVE.

A power of sale contained in a mortgage of real estate may be executed after the mortgagor's death.

If such power of sale, so executed, provides that the surplus of the proceeds, after payment of the debts and expenses, shall be paid to the mortgagor or his assigns, his executor may maintain an action therefor, although the mortgagor by will devised the land to others; and, upon recovery of it, will hold the same in trust, first, to the use of the widow, so far as she may be entitled thereto, in preference to creditors; secondly, for the payment of debts; and thirdly, to the uses of the will.

If such power provides that the mortgagee may retain all costs and expenses of the sale, he may retain a reasonable sum paid for legal advice respecting it, and also for his own time and trouble.

HOAR, J. The plaintiff is the administrator with the will annexed of Patrick Manice, who made a mortgage with a power of sale to the defendant, his wife joining in a release of dower and homestead. The mortgage debt being due and unpaid, the defendant advertised the mortgaged estate for sale, according to the requirements of the power of sale; but before the advertisement had been published the requisite number of times, the mortgagor died. By his will, the real estate was devised to his wife for life or widowhood, with remainder to his brothers and sisters. The mortgagee proceeded to complete the sale after the death of the mortgagor; and after satisfying the mortgage debt, and paying the expenses attending the sale, there is a surplus left in his hands, to recover which this action is brought.

The widow of the mortgagor had a right of homestead in a part of the premises included in the mortgage. The rest of the estate of the mortgagor is not sufficient for the payment of his debts; but if the plaintiff can recover the sum which he claims from the defendant, he will have a surplus remaining in his hands, to be distributed or paid to the parties who may be entitled to it.

Upon these facts, it was held at the trial that the plaintiff could not recover; and the first question raised by the bill of exceptions is, whether the sale of the estate by the defendant was valid to pass the absolute title to the property. The objection is, that the death of the mortgagor extinguished the power.

By the power of sale the mortgagee, his executors, adminis-trators or assigns, were authorized to sell the mortgaged prem-ises, and "in his or their own names, or as the attorney of the grantor," to convey the same absolutely and in fee simple to the purchaser; and out of the proceeds to retain sufficient to dis-charge the mortgage debt, with all costs and expenses, paying the surplus if any to the mortgagor or his assigns.

The question thus presented was argued, but not decided, in the case of *Brewer* v. *Winchester*, 2 Allen, 389; and we believe has not before been judicially determined in this commonwealth. But when the power of sale is to be executed in the name of the mortgagee, we can have no doubt that it may be executed as well after the death of the mortgagor as before. It is a power coupled with an interest; and not merely an interest in the proceeds of the property for the sale of which the power is given, but in the property itself. Strictly speaking, a mortgage vests the whole legal estate in the mortgagee. His title to the land is complete as a legal title, and the power of sale is to relieve him of the equities attached to the mortgage. The power is to be executed out of the estate conveyed, and is not merely collateral to it. *Hunt* v. *Rousmanier*, 8 Wheat. 174, 203. 1 Parsons on Con. 62. *Wright* v. *Rose*, 2 Sim. & Stu. 323. *Clay* v. *Willis*, 1 B. & C. 364.

The strongest form in which the objection to the execution of the power is stated is that which points out the difference between the two estates of mortgagor and mortgagee, each of which is regarded, for some purposes, as a separate legal estate. Until the sale under the power, the equity of redemption re-mains in the mortgagor, and may be sold or devised by him, or inherited from him, as if the power did not exist. It is only subject to be extinguished by the execution of the power. It is therefore urged that the power of sale can only be considered as a power of attorney; and that the conveyance of the equity of redemption must be made by a separate instrument from that which transfers the mortgagee's estate; because the equity of redemption remains in the mortgagor after he has made the mortgage and the power. But this objection would be equally

valid against any conveyance under the power in the name of the mortgagee. If such a conveyance can be sustained, (and it is too late to question that,) it must be held to operate as a mode of foreclosure provided by contract of the parties, so just and equitable in its provisions that it receives the sanction of courts of equity, and taking effect in a manner somewhat in the nature of a power of appointment.

The remaining question is one of more difficulty. The testator died seised of the equity of redemption. His widow's homestead right in a part of it attached; a right paramount to the claims of creditors. If she had waived the provisions of the will, her right of dower in the equity of redemption of the remainder would also have been a right which she could enforce in preference to creditors. As devisee for life, she became seised of the whole premises, subject only to the mortgage. There is, then, no doubt that when the power of sale is executed, equity will regard the surplus in money, after paying the mortgage debt and expenses of sale, as belonging to the persons who were entitled to the equity of redemption. If the sale had been made in the lifetime of the mortgagor, the change from real into personal property would have been complete, and the proceeds would have been a part of his personal estate, to be received and administered as assets by his executor or administrator. While it remained as real estate after his death, it was subject to his debts, and could have been sold under a license to his executor or administrator for the payment of debts, if required for that purpose. If, after such a sale, the mortgagee had executed the power, the surplus would clearly in equity have belonged to the purchaser at the administrator's sale. But the right of such a purchaser, as well as the paramount right of the widow in the homestead, which the administrator could not sell, would be only equitable rights, and ordinarily to be enforced by the aid of a court of equity. The right of the mortgagor's personal representative is direct under the contract. There is no assignment of the equity which can prevent the exercise of this right. And under the authority of *Buttrick* v. *King*, 7 Met. 20, which is a case very much in point, we think this action may

be maintained. Whatever is recovered will be held by the plaintiff in trust, 1, to the use of the widow so far as she is entitled in preference to creditors, 2, for the payment of debts, and 3, to the uses of the will.

The advertisement of the sale was precisely in conformity with the requirement of the mortgage; and the expenses for which the defendant asks allowance do not seem objectionable.[*]

*Exceptions sustained.*

*D. S. Richardson & G. F. Richardson,* for the plaintiff.

*T. H. Sweetser,* ( *W. S. Gardner* with him,) for the defendant.

---

[*] One item of thirty dollars for legal advice and making the deed, and another of twenty dollars for the mortgagee's own time and trouble in relation to the sale were included; and were found by the judge before whom the case was tried, without a jury, in the superior court, to be reasonable in amount.